IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CORINA FREITAS, MD,

    Plaintiff,

v.                                        Civil Action No. 3:25-cv-747

WEATHERBY LOCUMS, INC., and

MARY WASHINGTON HEALTHCARE
SPECIALTY SERVICES, LLC,

    Defendants.

MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's MOTION TO REMAND (ECF No. 2) ("MOTION"); DEFENDANT WEATHERBY'S OPPOSITION TO MOTION TO REMAND (ECF No. 10); and MWHCSS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (ECF No. 13). For the reasons set forth below, the MOTION will be granted.

FACTUAL BACKGROUND

On August 15, 2025, Corina Freitas ("Freitas") filed suit against Weatherby Locums, Inc. ("Weatherby") and Mary Washington Healthcare Specialty Services, LLC ("Mary Washington") (sometimes collectively "Defendants") in the Circuit Court for the City of Fredricksburg, VA. ECF No. 1, at ¶ 1. Freitas asserted two claims: COUNT I: wrongful termination under Virginia Whistleblower

1

Protection Law ("VWPL"); and COUNT II: tortious interference with contract. Id. at ¶ 3. On September 16, 2025, Weatherby filed a Notice of Removal to this Court. ECF No. 1.

According to the Complaint, Freitas is a citizen of Virginia; Mary Washington has its principal office and registered agent in Virginia; and Weatherby is a Florida Corporation with its principal place of business in North Carolina. ECF No. 1-1, at ¶¶ 4-6. Mary Washington is a limited liability company whose sole member is Mary Washington Healthcare Clinical Services, Inc., a Virginia non-stock corporation. ECF Nos. 6, 14. Weatherby's parent is CHG Healthcare Services, Inc., whose citizenship is not disclosed. ECF No. 7.

Therefore, there is not complete diversity because Virginia citizens are on both sides of the case. 28 U.S.C. § 1332. However, it is alleged that Mary Washington was fraudulently joined to prevent diversity and thus the Court should exercise jurisdiction. ECF No. 1, at ¶ 13.

## STANDARD OF REVIEW

To demonstrate fraudulent joinder, a party must show either: (1) fraud in the pleading of jurisdiction; or (2) that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999)

2

(quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). The party alleging fraudulent joinder "bears a heavy burden" and "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Id. And, it is axiomatic that "ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the [district] court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Id. at 426 (internal citations omitted); see also, Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (citing Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999)). Finally, "courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" Hartley, 187 F.3d at 425 (quoting Marshall v. Manville Sales Corp., 673 F.3d 229, 232 (4th Cir. 1993).[1]

## ANALYSIS

The operative question here is: does Freitas have a plausible expectation of success on either claim against Mary Washington?

---

[1] The Court can consider facts beyond the pleading in conducting this analysis. Garver v. Holbrook, 546 F. Supp. 3d 465, 472 (E.D. Va. 2021) (quoting AIDS Counseling & Testing Ctrs. v. Grp. W. Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990)).

Because the answer on the first claim is yes, the Court need not reach the second.

Freitas' first claim against Mary Washington is a retaliatory discharge claim under Virginia law. ECF No. 1, at ¶ 3. The relevant law states:

> An employer shall not discharge. . . or take other retaliatory action regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee. . . reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official.

Va. Code §§ 40.1-27.3(A); (A)(1) (West). The elements of a retaliatory discharge claim under Virginia law are: "(1) made a good faith report of a federal or state violation to a supervisor" or a governmental body, "(2) was discharged by her employer, and (3) the report was the 'but for' cause of their discharge." Chamberlain-Loving v. Renal Treatment Centers-Mid-Atl., Inc., 787 F. Supp. 3d 211, 217 (E.D. Va. June 9, 2025) (internal citation omitted).

Both defendants argue that the retaliatory discharge claim against Mary Washington fails because Mary Washington was not Freitas' employer because Weatherby was. ECF No. 10, at 3-4; ECF No. 13, at 7-8. Employer is defined as:

> an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or

4

      indirectly in the interest of an employer in relation to an employee.

Va. Code § 40.1-2 (West).

Both defendants rely on the decision in Harris v. Washington & Lee Univ. 82 Va. App. 175 (Va. Ct. App. 2024), as controlling this matter and argue that, on the strength of Harris, the Court should deny the MOTION because of fraudulent joinder. In Harris, the plaintiff brought wrongful termination claims against Washington & Lee University (W&L) under the VWPL. Id. at 183. Harris was employed by a fraternity's House Corporation ("House Corporation") to be a house director on W&L's campus. Id. at 183-84. She applied to work for House Corporation which paid Harris and which fired Harris. Id. at 183-186. Harris filed suit against W&L arguing that, even though House Corporation was her employer, W&L was her joint employer under the decision of the Fourth Circuit in Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404 (4th Cir. 2015). Harris, 82 Va. App. at 189.

However, Butler did not interpret Virginia law (the case was interpreting federal law and began in South Carolina). Butler, 793 F.3d at 406. The Harris court declined to adopt Butler,[2] and, instead turned to the definition of employer under the Virginia statute. Harris, 82 Va. App. at 193. Then, the court concluded that "employer" could include multiple employers, Id. at 195, and

---

[2] Harris, 82 Va. App. at 202-203.

5

held that, to be an employer under the "similar entity" clause of the definition, the entity must be:

> 1) the same types of entities as those already expressly provided for in the "employer" definition; 2) an employer which "employ[s]" the employee in question in exchange for "wages, salaries, or . . . commission"; and 3) an employer/entity that owes some duty or has some form of privity with the principal employer/entity.

Id. at 197. The merits of the Harris decision need not be reached because Freitas might be able to prevail under Harris.

Both defendants rely solely on the payment of wages portion of the statutory definition, arguing that, because the Complaint states that only Weatherby directly paid Freitas, Mary Washington did not pay her and thus could not be her employer. That, they say, is fatal to her claim. ECF No. 13, at 8; ECF No. 10, at 3-4. What Defendants do not recognize is that Harris does not address a situation in which one entity pays another for staffing services, and the second entity then pays a person wages. In the definition of "employer," "similar entity" explicitly includes one who acts "directly or indirectly." Va. Code § 40.1-2 (West). Thus, under the plain language of the statute, an entity that indirectly employs and pays a person wages could be considered an employer under the statute.

The other requirements that Harris creates for the "similar entities" clause of the employer definition are met for the purposes of this MOTION. Harris, 82 Va. App. at 197. As to the

6

first requirement, Mary Washington is an LLC, which is similar to both a partnership and corporation, which are listed in Va. Code § 40.1-2 (West). Second, arguably Mary Washington employed Freitas because she directly reported to Mary Washington staff and was fired by Mary Washington staff. ECF No. 1-1, at ¶¶ 16, 17, 48. And, as discussed above, Freitas was employed for wages by Mary Washington, <u>albeit</u> indirectly. Finally, Mary Washington is in privity with Weatherby. Although the contract between Weatherby and Mary Washington is not in the record, there is a very high likelihood that some contractual relationship exists between the two, because Mary Washington is listed as "Client" in Weatherby's contract with Freitas and staffing services such as Weatherby work through contracts with entities which need staffing. ECF No. 1-1, at ¶ 11.

Therefore, the record contains a plausible basis for Freitas' claim against Mary Washington. Because Freitas has shown a possibility of success on her claim against Mary Washington, the Court cannot find that Mary Washington was fraudulently joined. Given this conclusion, it is not necessary to discuss the viability of COUNT II.

## CONCLUSION

For the foregoing reasons, the MOTION (ECF No. 2) will be granted. The MOTION TO DISMISS (ECF No. 8), MARY WASHINGTON

7

HEALTHCARE SPECIALTY SERVICES, LLC'S MOTION TO DISMISS (ECF No. 4), and the PLAINTIFF'S MOTION TO STAY/MOTION FOR EXTENSION OF TIME (ECF No. 11), will be denied as moot and without prejudice.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 15, 2025